IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| BRANDON TROY RAY, | :   CASE NO: 7:21-cr-34 (WLS) |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is *pro se* Defendant's letter docketed as a Motion to Reduce Sentence (Doc. 51) ("Motion") in which Defendant refers to the proposed amendment to the U.S. Sentencing Guidelines adjusting the calculation of a defendant's criminal history category.[1] The Defendant "request[s] that this court provide [him] with all proper documents that have relevance to the issue of the 2 point enhancement. This is to be used for a Compassionate Release, first filed to the BOP, then to the Court for resentencing." (Doc. 51 at 1.) The Court notes that the Motion is not requesting a reduction of sentence at this time but is only requesting copies of documents. The Motion, however, does not identify the documents requested and appears to expect the Court to take on the role of determining the relevant documents.[2] By letter to the Court dated June 23, 2022, the Defendant requested and received a copy of the docket in his case. (*See* Doc. 50.) Other than the current Motion, no other documents have been filed. It is the Defendant's responsibility to identify and pay for copies

---

[1] "On April 27, 2023, the United States Sentencing Commission submitted to Congress a multi-part proposed criminal history amendment. . . . **The criminal history amendment does not become effective until November 1, 2023, because Congress can reject or modify the amendment until that date.**" *See* Memorandum from the Chair, United States Sentencing Comm. (Aug. 31, 2023) (emphasis in original), https://jnet.ao.dcn/sites/default/files/pdf/DIR23-USSC001.pdf (last visited Oct. 12, 2023).

[2] It is well-settled that a *pro se* party's pleading will be liberally construed. However, "[t]he leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party." *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (internal quotations omitted) (citation omitted). Liberal construction of pro se filings does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356-RLV-JSA, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *report and recommendation adopted*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).

1

of documents he wants to receive from the Clerk. *See Roberson v. Wilson*, No. 5:12-CV-486-MTT-MSH, 2013 WL 1932785, at *1, n.1 (M.D. Ga. Mar. 8, 2013), *report and recommendation adopted*, 2013 WL 1932728 (M.D. Ga. May 8, 2013) (*pro se* plaintiff required to bear the costs of prosecuting her case and must also advise the Clerk of Court of the specific documents she seeks by document or ECF number.)

Based on the foregoing, the Motion (Doc. 51) is **DENIED** without prejudice for Defendant to refile his request identifying the documents he wants copied. The Clerk, in turn, will inform Defendant of the copying cost and, upon receipt of payment from Defendant, will forward the copies to Defendant.

**SO ORDERED**, this 16th day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**